IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT J. ALEXANDRE,**

    **Plaintiff,**

**v.**                                                                               **No. 11-cv-0384 JB/SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the Social Security Administration,**

    **Defendant.[1]**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Plaintiff's counsel's Motion for an Order Authorizing 42 U.S.C. § 406(b)(1) Attorney Fees ("Motion for Attorney's Fees") [Doc. 37], filed on December 12, 2014. The Commissioner filed a Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees ("Response") [Doc. 38]. Plaintiff filed a Reply [Doc. 39]. Following a status conference held on February 3, 2015, *see* Clerk's Minutes [Doc. 41], and at the Court's request, Plaintiff filed a Memorandum on Attorney Fees Request, [Doc. 42], which (1) clarified that counsel is seeking fees only with respect to her representation of Plaintiff before this Court, and (2) withdrew her claim for New Mexico Gross Receipts Tax on the award. *See* [Doc. 42] at 1. The Commissioner filed a Response to the Memorandum on February 12, 2015. [Doc. 43]. In that Response, the Commissioner states that she does not object to the amount of fees requested and the payment of such fees. *Id.* at 1. The Honorable James O. Browning,

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

United States District Judge, referred this matter to me for proposed findings and a recommended disposition on March 19, 2012. [Doc. 30]. Having considered the parties' submissions and the applicable case law, and being otherwise fully advised in the premises, I find that the Motion is well-taken and recommend that it be **GRANTED**.

### Procedural History

Plaintiff filed a claim for Title II and Title XVI disability benefits on July 15, 2008. [Doc. 37] at 1. His claim was denied. *Id*. He requested a hearing, which was held on November 12, 2009. *Id*. The ALJ issued an unfavorable decision. *Id*. Plaintiff appealed to the Appeals Council. *Id*. His appeal was denied. *Id*. He then filed this action in federal court. Complaint, [Doc. 3]. The case was ultimately remanded for re-hearing. [Doc. 35].

A second hearing was held before an ALJ on January 7, 2014. [Doc. 37] at 1. On May 1, 2014, the ALJ issued a favorable decision on both the Title II and the Title XVI claims. *Id*. at 1−2. Regarding the Title II claim, the agency awarded $18,467.80 in back benefits, $4,558.48 of which was withheld for attorney fees. *Id.* at 2. Regarding the Title XVI claim, the agency awarded $48,671.00 in back benefits, with no attorney's fees withheld. *Id*. Thus, the award of back benefits totaled $67,138.80.

Plaintiff and his counsel entered into a contingency fee agreement providing for attorney's fees equal to 25% of any back benefits awarded. *See* Social Security Fee Agreement ("Fee Agreement"), [Doc. 37-1] at 11. Plaintiff's counsel filed the instant Motion for Attorney's Fees seeking payment of $16,726.23 for attorney's fees as compensation for representing Plaintiff before this Court. *See* [Doc. 37] at 2; [Doc. 42] at 1. That figure represents 25% of the back benefits awarded. *See id*. The Commissioner's Response states that "the Commissioner

declines to assert a position on the reasonableness of Plaintiff's request, as [the Commissioner] is not the true party in interest." [Doc. 38] at 1.  The Response provides only "relevant legal standards to assist the Court in its determination," *id*., which the Court found to be very helpful.

### Standard

A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration.  In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1).  "The tenor of 406(b) is permissive rather than mandatory.  It says that the court may make such an award, not that such an award shall be made."  *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  The *Whitehead* court reasoned that "Congress recognized the difference between the mandatory term 'shall' and the permissive term 'may.'" *Id*. at 128.  Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically provides that the court is expected to determine and allow attorney's fees.  *Id*. at 128.  Traditionally, an award of attorney's fees is a matter within sound discretion of the court.  *Id*. at 128.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court concluded that § 406(b) was designed by Congress to "control, not displace, fee agreements between Social Security benefit claimants and their counsel."  535 U.S. at 792.  Courts should review fee

arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25% of past due benefits limitation on fees as a ceiling, not as a standard to be used to substantiate reasonableness. *Id*.

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees. *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 808. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

## Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. The Fee Agreement provides, "If my representation includes proceedings before the Appeals Council or before a Federal Court, followed by a favorable outcome, I will pay a fee equal to 25% of any past-due benefits resulting from my claim, . . . ." [Doc. 37-1] at 11. Thus, the agreement meets § 406(b)(1) guidelines of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent fee agreements, such as this one, "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Plaintiff's

counsel has the burden of demonstrating that her request for fees is reasonable under the circumstances. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representation achieved. *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*.

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $16,726.23 is a reasonable fee for her representation of Plaintiff before this Court. Counsel has represented Plaintiff vigorously for nearly six years. *See* [Doc. 37-1] at 12 (reflecting counsel's first meeting with client on January 21, 2009). Her representation was more than adequate; the results achieved were excellent, in that she obtained a fully favorable decision including back benefits and continuing monthly benefits. Plaintiff's counsel was not responsible for any appreciable delay in resolution of the case. I further find that the award would not be disproportionately large in comparison to the amount of time spent on the case (54.25 hours). *See* Declaration of Time for Services Performed in Federal Court, [Doc. 42-1]. The award would equate to an effective hourly rate of $308.31, which I find to be very reasonable given counsel's experience.[2] Finally, I note that the Commissioner does not object to the amount of fees requested. *See* [Doc. 43] at 1.

---

[2] Recently, this Court approved a request for § 406(b)(1) attorney's fees at an effective rate of $411.34. *See Cairnes v. Colvin*, Civ. No. 1:09-0426, Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, [Doc. 40], filed on July 1, 2014 (Browning, J.) (unpublished); *see also Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees of $600.00 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney's fees at an effective rate of $643.00 per hour).

**Conclusion**

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's counsel's Motion for Attorney's Fees [Doc. 37] be **GRANTED**, and that counsel be awarded $16,726.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for fees incurred in representing Plaintiff before this Court and in this matter.[3]

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**

---

[3] Plaintiff has never applied for attorney's Fees under the Equal Access to Justice Act ("EAJA"), and the time for doing so has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991). However, in the event Plaintiff is ever granted EAJA fees, in addition to attorney's fees awarded 42 U.S.C. § 406(b) of the Social Security Act, counsel should refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).